

LEWIS BRISBOIS BISGAARD & SMITH LLP

Peter T. Shapiro
77 Water Street, Suite 2100
New York, New York 10005
Peter.Shapiro@lewisbrisbois.com
Direct: 212.232.1322

April 4, 2019

File No. 37986.2260

**VIA ECF**
Judge Deborah A. Batts
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:    *Diaz v. Levain Bakery, Inc.*
        Case No. 18-cv-12392(DAB)

Dear Judge Batts:

As Your Honor will recall, on March 6, 2019 the parties filed a letter advising the Court of their settlement of this matter (DE 9).

As counsel for Defendant, I write to address the parties' settlement and to present the parties' joint request for judicial approval of the Consent Decree enclosed herewith. The parties do not plan to file a stipulation of dismissal given the preference that this matter resolve via a consent decree.

As Your Honor will recall, plaintiff's class action Complaint alleges that the website at issue is a place of public accommodation which is not accessible to visually disabled persons in violation of the Americans with Disabilities Act, the New York State Human Rights Law and the New York City Human Rights Law. While Defendant does not admit liability, we have reached a settlement with plaintiff individually in order to avoid the cost and inconvenience of litigation and to attain a measure of protection against future claims by virtue of the consent decree.

The parties jointly request that the Court approve and so-order the enclosed consent decree. They submit that the consent decree is fair and reasonable and the public interest would not be disserved by its entry. *SEC v. Citigroup Global Mkts. Inc.*, 752 F.3d 285, 294 (2d Cir. 2014). They fashioned the consent decree as a reasonable resolution of the plaintiff's claims. *See, e.g. Yap v. Sumitomo Corp. of* America, No. 88 Civ. 700 (LBS), 1991 U.S. Dist. LEXIS 2124, at *15-16 (S.D.N.Y. Feb. 22, 1991) (weighing factors used to determine if a consent decree is fair and reasonable); *Meyer v. Macmillan Pub. Co.*, No. 78 Civ. 2133 (MEL), 1986 U.S. Dist. LEXIS

Hon. Deborah A. Batts, U.S.D.J.
April 4, 2019

27492, at *15-*16 (S.D.N.Y. March 28, 1996) (determining that consent decree is fair, reasonable and adequate and supported by public policy).

The parties have settled numerous other ADA website cases in this Court in which the assigned judges have approved virtually identical consent decrees. *See, e.g., Burbon v. Maidpro*, Docket No. 18-cv-6290(JMF) (DE 19); *Mendizabal v. American Self Storage*, Docket No. 17-cv-1004(ALC) (DE 23); *Sypert v. Gefen*, Docket No. 18-cv-4336(GBD) (DE 17); *Sypert v. Pelham Country Club*, Docket No. 18-cv-6496(GBD) (DE 12); *Tucker v. CorePower Yoga*, Docket No. 18-cv-5394(AJN) (DE 17); *Mendez v. Madison York*, Docket No. 18-cv-4947(VSB) (DE 15); *Burbon v. Hometeam*, Docket No. 18-cv-4783(VSB) (DE 20); *Murphy v. Cos Bar Retail LLC,* Docket No. 1:18-cv-06968(RA) (DE 22); *Murphy v. Dover Street Market New York, Inc.*, Docket No. 18-cv-6930(KHP) (DE 21); and *Delacruz v. Naturopathica*, Docket No. 18-cv-7548(KHP) (DE 23).

Thank you for your attention to this matter.

Respectfully,

*Peter T. Shapiro*

Peter T. Shapiro of
LEWIS BRISBOIS BISGAARD & SMITH LLP

cc: Counsel for Plaintiff (via ECF)

4851-2900-9808.1